UNITED STATES of America,

v.

Juan GARCIA, Jose Fernando Salinas Garcia, Cleofas Contreras Vasquez, Juan Nicolas Ordenas, and Jose Ernesto Garcia, Defendants.

No. 04 CR.603(HB).

United States District Court, S.D. New York.

Aug. 18, 2005.

**102**

David Arrendondo, Arcadia, CA, for Juan Garcia.

Paul E. Warburgh, Jr., Law Office of Paul E. Warburgh, Jr., New York, NY for Jose Fernando Salinas-Garcia.

Dayna Ferebee, New York, NY, John Nicholas Iannuzzi, Iannuzzi And Iannuzzi, New York, NY, for Cleofas Contreras Vasquez.

David A Elden, Law Offices of David A. Elden, Los Angeles, CA, Ira D. London, Law Office of Ira D. London, New York, NY, Peter Enrique Quijano, Quijano & Ennis, P.C., New York, NY, Avrom Jerome Robin, Law Office of Ira D. London, New York, NY, For Juan Nicholas Ordenas.

John Michael Rodriguez, Law Office of John Rodriguez, New York, NY, Susan J Walsh, Gould Reimer Walsh Goffin Cohn, LLP, New York, NY, for Jose Ernesto Garcia.

Marc P. Berger, Assistant United States Attorney, Criminal Div., New York, NY, for U.S.

## OPINION AND ORDER

BAER, District Judge.

These motions are with respect to Cleofos Contrereas Vazquez ("Vazquez") and Juan Ernesto Garcia ("Garcia"). The third Defendant, Juan Nicolas Ordenas ("Ordenas"), went to trial with Vazquez and Garcia, but has a new lawyer and will provide his moving papers at a later date.

These two defendants, Vazquez and Garcia, move, pursuant to Rule 33 of the Federal Rules of Criminal Procedure ("Rule 33"), for a new trial and, pursuant to Rule 29 of the Federal Rules of Criminal Procedure ("Rule 29"), for an acquittal.

■ With respect to the Rule 29 motion, the law is clear that such a motion must be resolved in the light most favorable to the Government, and the test is whether the trier of the fact could have found the elements of the crime beyond a reasonable doubt; and, if so, the motion must be denied.

■ With respect to the Rule 33 motion for a new trial, in accordance with *United States v. Zagari*, 111 F.3d 307 (2d Cir.1997), and *United States v. Sasso*, 59 F.3d 341, 350 (2d Cir.1995), the Defendants bear the burden of illustrating the need for, and the appropriateness of, a new trial. The law requires an examination of the entire case leading to an objective evaluation and, indeed, it requires that I look at the allegations together in order to determine, if looked at in such a way, the motions should be granted. I have done just such an analysis, and with respect to both motions, the Defendants have failed to shoulder their burden.

Essentially, together, they maintain five arguments: (1) that there is insufficient evidence of venue in the Southern District of New York; (2) *Brady* violations, primarily that the Government had not

spelled out the fact that the cooperating witness was intoxicated at the time of his arrest and initial debriefing; (3) a complaint that there was continued telephonic communication with other defendants by the cooperating witness after his arrest, and there too the Government failed to disclose this information, and that such an oversight was material and as a coordinate concern, the Defendants maintain that all the wiretaps were illegal and should be suppressed; (4) the single taped conversation involving Vazquez was a violation of 404(b) of the Federal Rules of Evidence and is enough to vitiate the conviction; and, (5) the *Allen* charge, *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), delivered by the Court following two days of deliberations was reversible error.

■■ Turning to the venue issue first, unlike the balance of the Government's burden at trial, this issue requires only a preponderance of the evidence. *See United States v. Chen,* 378 F.3d 151, 159 (2nd Cir.2004). Here, the evidence included that on several occasions the vehicle either bringing thousands of dollars of drug money, or hundreds of kilograms of drugs, to and from California and New Jersey, was seen traveling across the George Washington Bridge from Manhattan and traveling back across the bridge into the Bronx. On one occasion, the witness actually made a delivery of drugs near Yankee Stadium. All these indicia, and there are more, are sufficient to meet that burden.

■■ Turning to the alleged *Brady* violation, *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), there is no doubt that if the Government withheld information favorable to the Defendants, that it would constitute a violation here and, depending on the prejudice it produced, might well necessitate a new trial. The problem is that the applicable

legal standard here requires that the information the Government failed to provide deprive Defendants of a fair trial. This situation arises only in cases where the deprivation, i.e., the material suppressed, would have affected or changed the outcome of the trial. Here, the central concern, i.e., a failure to disclose that the Government's witness, Dominguez, was intoxicated at the time of his arrest and that he provided information while still under the influence of a controlled substance. There is little doubt that this information was of some consequence if looked at from an impeachment standpoint, but the lack of knowledge before trial, if true, with respect to Dominguez's cognitive functions or abilities was utilized by the Defendants for that purpose ad nauseam. The problem with having deprived the Defendants of any other use is that, at least in my view, there is no way in which the witness's intoxication, whether disclosed in advance of trial or not, could have served any other defense purpose. Put another way, the Defendants have failed to demonstrate how that information would be favorable to the defense. In my review of the record, it is clear to me that nothing favorable to the Defendants emerged as a result of Dominguez's intoxication. While there is no question that there were material differences between his post-arrest statements and his trial testimony, which may have been a result of the drugs, this information was either clearly known to the Defendants prior to trial, or was utilized to a fare-thee-well after it was revealed on direct examination. Clearly, there was no prejudice to the Defendants.

Turning to the aspect of the motions that seek suppression of the wiretaps, I dealt with that at length in my decision on the *in limine* motions, where I said:

As to the wiretaps, the Defendants contend that the Government lacked the

requisite probable cause for the order obtained by the Government and failed to undertake the necessary alternative means of investigation before applying for the order. For the following reasons, Defendants' motion to suppress is DENIED.

*United States v. Garcia, et. al.,* No. 04 Cr. 603, 2005 WL 589627, at *1 (S.D.N.Y. Mar.14, 2005)(Baer, J.,). Nothing happened during trial to change my mind. Therefore, no further discussion in warranted.

A separate and distinct *Brady* problem is raised by the Defendants, who contend that Dominguez participated in conversations with the Defendants after his arrest, and that this information too was never provided to the Defendants. My recollection of the testimony and the Government's position on this score is that there never was, at least to their knowledge, any participation by Dominguez in any wiretap communication that furthered the narcotics conspiracy on trial and, therefore, the Government may not be held responsible for having failed to provide such evidence to the Defendants.

Further, there was no 3500 material, *see* 18 U.S.C. § 3500, which suggested that Dominguez, after his arrest and as a prospective Government witness, had more than one telephone conversation, and that was not with respect to narcotics transactions, with any Defendant. Subsequent telephone conversations alluded to, but certainly never clearly explained by the Defendants, were in connection with his representation and had nothing to do with the narcotics conspiracy on trial. So the representation in the Garcia Reply memorandum (Garcia Repl. Mem., Aug. 4, 2005, at 1) that reiterates the contention that the Government's "purposeful withholding of *Brady* and *Giglio* information ... prejudiced Defendant Garcia, and warrants a new trial," appears not to satisfy the strictures required by Rule 33.

■ Another contention waged by the Defendant, Vazquez, concerns a telephone conversation he had with a "Don Jose," wherein he discussed the transportation and storage of marijuana. The Defendant suggests that this conversation was inadmissible under Federal Rule of Evidence 404(b). That Rule makes it abundantly clear that evidence of the criminal propensity of a defendant is inadmissible, and would be error. The fact is that here it was admitted simply to negate a mistake, one of the purposes for which such testimony is admissible. *See United States v. Germosen,* 139 F.3d 120 (2d Cir.1998). It was my conclusion after listening to argument on the issue, that the probative value was not substantially outweighed by any unfair prejudice, and the cases make it clear that I have broad discretion as to whether or not to admit 404(b) evidence. This branch of the motion must be denied.

Finally, the issue of my *Allen* charge is dwelt on at some length by the Defendants. There is no question but that the charge provided all the required elements and made it clear that no juror was to give up his or her right to maintain the view he or she thought to be appropriate. Furthermore, with respect to the relatively quick verdict, the Second Circuit's view is that the length of time a jury takes to reach its verdict should not logically be a consideration in any determination as to whether the charge should have been given. *See, e.g., United States v. Melendez,* 60 F.3d 41, 50–51 (2d Cir.1995) *vacated on other grounds by Colon v. United States,* 516 U.S. 1105, 116 S.Ct. 900, 133 L.Ed.2d 834 (1996). As to the specific allegation of coercion, linked to the time it took for the jury to reach a verdict, it is worth noting that; the jury had already reached a verdict with respect to two of the three De-

fendants, and that had the jury believed that they had a long night before them, they certainly would have taken more time. Why feel hurried if you aren't going anywhere?

As to the coercion aspect i.e., the last line of my charge, it is important to put the matter in context. Here, for two days of deliberation the jury had been excused earlier than usual, each time I simply honored their request to leave early. My tag line was no more than my intentions to continue deliberation and that this night would not be an early one like the previous nights.

While there is more detail that could further illuminate the overwhelming evidence of a national, and likely international, narcotics conspiracy, there seems little to be gained by a further factual recitation. The law with respect to each of the concerns raised by the Defendants Garcia and Vazquez was resolved by me either during the trial or in this brief opinion. The Rule 29 and 33 motions by the Defendants Vasquez and Garcia are DENIED. The sentencing will proceed as scheduled on August 25, 2005 at 11:00 a.m.

IT IS SO ORDERED.